**BLOCK STATE TESTING SERVICES, L.P., Plaintiff,**

v.

**KONTRACTOR'S PREP CORPORATION, Defendant.**

No. 97–122–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Dec. 7, 1997.

**1366**

Michael Keegan Kiernan, Fox & Grove, Chtd., St. Petersburg, FL, Samantha A. Brem, James, Hoyer, Newcomer, Forizs & Smiljanich, P.A., St. Petersburg, FL, Lawrence A. Farese, Robert F. Rogers, Allen D. Brufsky, Basil L. Bain, Cummings & Lockwood, Naples, FL, for Block State Testing Services, L.P.

Jennifer L. Whitelaw, Law Office of Jennifer L. Whitelaw, Naples, FL, for Kontractor's Prep Corp.

### ORDER

KOVACHEVICH, Chief Judge.

This cause comes before this Court on the Magistrate Judge's Report and Recommendation (Docket No. 36), Plaintiff's Objection to Magistrate Judge's Report and Recommendation Denying Plaintiff's Request for Preliminary Injunction (Docket No. 38), and Defendant's Response to Plaintiff's Objection (Docket No. 41).

Plaintiff asserts that the Report and Recommendation should be rejected because the Magistrate Judge used a summary judgment standard, rather than the standard for determining whether a preliminary injunction should issue. Defendant reasserts the arguments raised in its motion and memorandum in opposition to Plaintiff's Motion for Preliminary Injunction. The Magistrate Judge's ruling on a motion for preliminary injunction

is subject to *de novo* review by the District Court Judge. 28 U.S.C. § 636(b)(1).

A movant for preliminary injunction must show: (1) a substantial likelihood that he will eventually prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Zardui–Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985) (citing *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983)).

There are two (2) elements to every claim of copyright infringement: (1) possession of a valid copyright and (2) copying of those elements of work that are copyrightable. Under the copyright laws, the registration of a copyright certificate constitutes *prima facie* evidence of the validity of a copyright in a judicial proceeding commenced within five (5) years of the copyright's first publication. 17 U.S.C. § 410(c). Accordingly, the certificate of copyright registration shifts the burden to the defendant to prove the invalidity of the plaintiff's copyrights. *Masquerade Novelty, Inc. v. Unique Indus., Inc.,* 912 F.2d 663, 668 (3rd Cir.1990). At the hearing held before the Magistrate, and in the memorandum filed with the Court, Defendant persuasively argued that Plaintiff's copyright is invalid. Defendant attacks the copyright on the basis that omissions were made by Plaintiff on the registration application, and, alternatively, that the work in question is not entitled to the protection asserted.

■ An inadvertent omission from a registration application will not invalidate the copyright or render it incapable of supporting an infringement action. *Eckes v. Card Prices Update,* 736 F.2d 859, 861–62 (2d Cir. 1984). However, it has been suggested that a reasonable approach in situations where there has been an inadvertent material omission, is to deny the plaintiff the benefits of the presumption of § 410(c) and to require plaintiff to establish the copyrightability of the work claimed to be infringed. *See* M. Nimmer & D. Nimmer, *Nimmer on Copyright,* § 7.20, at 7–197–198 (1990).

In the case at hand, Defendant asserts that Plaintiff "willfully and falsely misstated or omitted facts by failing to fill out sections (6)(a) to (b) which requires the applicant to complete both of those sections for a compilation and derivative work." Plaintiff contends that the registration application was properly completed; however, a supplemental registration to Plaintiff's original registration has been filed to rebut Defendant's argument. There has been no evidence proffered which would tend to show that Plaintiff knowingly mislead the Copyright Office; therefore, the Court rejects Defendant's argument that the copyright is invalid as a result of the omissions. Furthermore, the Court does not find that Plaintiff has unclean hands. Nevertheless, the totality of Defendant's arguments, in conjunction with Plaintiff's failure to demonstrate that the determining factors balance in its favor, justifies the Court's denial of Plaintiff's motion for preliminary injunction.

■ Plaintiff's predecessor, ACSI, published the original manuals which have evolved into the newer editions of the manuals which are the subject matter of this dispute. Plaintiff has provided the Court with two (2) entirely inconsistent assertions. At times, Plaintiff has asserted that ACSI did not copyright the original manuals. Other arguments proffered by Plaintiff rely on ACSI's copyright protection. Although Plaintiff asserts that ACSI did not copyright the work, ACSI did not need to take any formal steps to copyright the manuals because copyright protection attaches to the work at the moment it is created. If Plaintiff's position is that ACSI did not copyright the manuals, this further compounds the problem with asserting copyright protection in this case. Typically, the author of the work is vested with copyrights under state common law upon creation, until the work is published. *See* 17 U.S.C. § 101 *et seq; Neva Inc. v. Christian Duplications Intern., Inc.,* 743 F.Supp. 1533, 1544 (M.D.Fla.1990). Upon publication, the author becomes the owner of federal statutory copyrights if the work is published with proper copyright notice; however, if the work is published without proper copyright notice, then the work enters the public domain. *Id.* Therefore, if Plaintiff asserts that ACSI did not copyright the original manuals, the fact that the manuals were previously published raises doubt as to the validity of the claimed copyrights.

However, if Plaintiff's position is that ACSI did previously copyright the manuals, then Plaintiff's registration application appears defective. Plaintiff's application claims that a registration had not previously been made in the Copyright Office for the 1996 manual, or for an earlier edition of that manual. Notwithstanding, the 1994 and 1995 manuals actually contain copyright notices bearing ACSI's name. Furthermore, Plaintiff's application for registration claims authorship in the entire text of the manual, even though, a substantial portion of the manual consists of statutes and forms which clearly were not authored by Plaintiff. This is significant in light of the fact that Plaintiff argues that it was not required to disclose on the application that the 1996 manual was either a compilation or derivative work. Defendant argues that even if ACSI owned copyrights in the 1994 and 1995 manuals, there has been no proof that the copyrights in the original manuals have been successfully transferred to Plaintiffs. However, at this time, the conveyance of the rights is not as significant as the rights themselves. These issues raise serious doubt as to the validity of Plaintiff's copyrights and the extent of protection that can be afforded to the 1996 manual. Nevertheless, if the Plaintiff's 1996 manual is entitled to copyright protection, the 1996 manual is no longer in demand; therefore, it is unlikely it would be copied in the future. Plaintiff has failed to show that an injunction is necessary to prevent harm.

The Court recognizes the fact that Defendant copied the subject manual in its entirety and that this generally makes it much easier to prove that a copyright has been infringed. However, Plaintiff's position regarding whether the manual is considered a compilation, derivative, or some other work is unclear. The Court finds that Defendant has sufficiently rebutted Plaintiff's *prima facie* case of infringement. Since the Court finds that the likelihood of success on the copyright claim has not been shown by Plaintiffs, irreparable harm will not be presumed in this case.

In addition, the fact that the subject manual is no longer in demand weighs against issuing an injunction at this point. Plaintiff has not demonstrated a threat of continuing or additional infringements. Furthermore, based on the foregoing, the balance of the hardships do not weigh decidedly in Plaintiff's favor. Although the Magistrate Judge's Report and Recommendation used terms generally associated with a summary judgment standard, the Court finds that the Magistrate correctly found that Plaintiff did not show a likelihood of success on the merits or irreparable harm. Accordingly, it is

**ORDERED** that Plaintiff's motion for preliminary injunction (Docket No. 3) be **DENIED;** Defendant's Request for Attorney's fees and Costs (Docket No. 11) be **DENIED;** Plaintiff's Renewed Motion for Preliminary Injunction (Docket No. 19) be **DENIED;** alternatively, the Magistrate Judge's Report and Recommendation be **ACCEPTED,** consistent with this Order.